# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

AMAZON.COM, INC., a Delaware
corporation,

                Plaintiff,

    v.

ROCKIN TIME HOLDINGS, INC., a
Florida corporation, and JOHN DOES 1-20,

                Defendants.

_____/

**03 - 22270**

**CIV - GOLD**

MAGISTRATE JUDGE
SIMONTON

## COMPLAINT

Plaintiff Amazon.com, Inc. ("Amazon.com"), through its attorneys, alleges as follows:

### I. INTRODUCTION

1. Defendant Rockin Time Holdings, Inc. ("RTH") and other unknown defendants are engaged in a marketing campaign in interstate commerce in which they have been sending e-mails to consumers with spoofed "from" lines and other e-mail routing information, creating the impression that the e-mails are from Amazon.com. Defendants have intentionally used the AMAZON.COM® mark in the e-mail to cause the recipient to believe that the e-mail is from Amazon.com and/or to get past e-mail filters. Defendants do not have permission to use the AMAZON.COM® mark and are not affiliated in any way with Amazon.com.

2. By this Complaint, Amazon.com seeks to prevent consumer confusion and protect AMAZON.COM®, one of the world's best-known brands, from intentional infringement and cyberpiracy. Defendants have recently conducted an e-mail marketing



campaign advertising a penis enlargement product, using e-mails that falsely claim that they are from "Amazon.com."

3.     Defendants are using the AMAZON.COM® trademark in their e-mail marketing campaign to immediately convey to consumers an association with Amazon.com, to circumvent e-mail filters, and to unfairly trade off the reputation and goodwill of the AMAZON.COM® mark.  Since commencing operations on the World Wide Web in 1995, Amazon.com's annual sales have grown to over $3.9 billion, and Amazon.com has become a Fortune 500 company.  With tens of millions of customers worldwide, Amazon.com is among the best-known and most popular Internet retailers.

4.     Amazon.com has extensively promoted its business using the AMAZON.COM® mark, and Internet shoppers and consumers almost universally recognize AMAZON.COM® as a brand identifier for Amazon.com's websites and products.  Consumers have a strong association between the AMAZON.COM® mark and Amazon.com's websites and the strength of the AMAZON.COM® trademark—one of Amazon.com's most valuable corporate assets.

5.     Defendants' use of AMAZON.COM® in connection with their marketing of goods or services is likely to confuse consumers.  Defendants' use of AMAZON.COM® will lead some consumers to conclude that Amazon.com is a partner, has a business relationship, or is somehow associated with defendants or their products.

6.     Preventing this confusion will help protect consumers from deceptive and fraudulent e-mail practices, allowing consumers to make fully informed choices about where they are shopping on the Internet, thereby promoting the consumer protection goals of the trademark and unfair competition laws.  In this action, Amazon.com seeks to enjoin defendants from using the trade name and trademark AMAZON.COM® for the marketing and sale of their products.  The unfair competition laws do not allow a latecomer to copy a mark and "free ride" on the goodwill associated with it.  A myriad of other names are

2

available. A marketer should not be allowed to benefit from Amazon.com's long term and extensive investment in AMAZON.COM® at the expense of Amazon.com and to the detriment of consumers.

## II. JURISDICTION AND VENUE

7.      This is a Complaint for violations of §§ 32 and 43 of the Lanham Act , 15 U.S.C. § 1114(1)(Trademark Infringement), 15 U.S.C. § 1125(a) (False Designation of Origin, Unfair Competition), 15 U.S.C. § 1125(d) (Cyberpiracy Prevention), common law unfair competition and trespass to chattels.

8.      The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a). The Court has jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367.

9.      The Court has personal jurisdiction over the defendants because the defendants are located in and/or conduct business in this District. Also, the defendants have purposefully availed themselves of the opportunity to conduct commercial activities in this forum, and this Complaint arises out of those activities. E-mails sent from the defendants actively display, disseminate, and promote the infringing AMAZON.COM® mark. The publication and dissemination of the infringing trademark in Florida is causing ongoing injury to Amazon.com.

10.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c), because a substantial part of the events giving rise to the claim occurred, and continue to occur, in the Southern District of Florida. The damage to Amazon.com described herein takes place in this District and elsewhere.

## III. THE PARTIES

11.      Amazon.com is a Delaware corporation with its principal place of business in Seattle, Washington. On or about July 15, 1997, Amazon.com registered the trademark AMAZON.COM® with the United States Patent and Trademark Office.

3

12.    On information and belief, defendant Rockin Time Holdings, Inc. ("RTH") is a Florida corporation with its principal place of business in Miami Beach. RTH owns and operates a variety of internet websites, including the website <www.web-vit.com>, and advertises for sale under various names a penile enhancement pill. RTH markets its products by, among other things, the sending of bulk, unsolicited e-mail, or "spam."

13.    Amazon.com is unaware of the true names and capacities of defendants sued herein as DOES 1-20, and therefore sues these defendants by such fictitious names. Amazon.com will amend this complaint to allege their true names and capacities when ascertained. Amazon.com is informed and believes and therefore alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Amazon.com's injuries as herein alleged were proximately caused by such defendants. These fictitiously named defendants, along with defendant RTH, are herein referred to as "defendants."

14.    The actions alleged herein to have been undertaken by the defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions in which each defendant assisted, participated or otherwise encouraged, and are actions for which each defendant is liable. Each defendant aided and abetted the actions of the defendants set forth below, in that each defendant had knowledge of those actions, provided assistance and benefitted from those actions, in whole or in part. Each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of other defendants.

## IV. The Amazon.com® Trademark

15.    The term "Amazon.com" is not only the name of plaintiff's company, but the most important and easily recognized identifier of the goods and services it offers. There

4

is a particularly close association among consumers between Amazon.com the business, the AMAZON.COM® mark, and the products and services offered under the Amazon.com designation. For millions of consumers, the name "Amazon.com" has come to represent wide selection, fast delivery, fair pricing, and excellent security for Internet transactions. Courts in the United States and Greece have entered judgments for Amazon.com that attest to the fame and/or the strong association between the AMAZON.COM® mark and the services offered by Amazon.com.

16.    AMAZON.COM® mark is one of the best known trademarks on the Internet. For instance:

● Tens of millions of customers from over 220 countries have made purchases through the Amazon.com Site. Every one of these purchasers has, at a minimum, seen the AMAZON.COM® mark on the Web site, on the packaging in which his or her order was shipped, and in e-mail communications that confirm each order.

● Many millions more have come to know the AMAZON.COM® mark through Amazon.com's extensive advertising in a variety of media. Since 1996, Amazon.com has spent hundreds of millions on advertising—all of which makes prominent use of the AMAZON.COM® mark—on television and radio, and in newspapers and magazines.

● According to the MMXI Europe May 2000 European Audience Ratings Report, the Amazon.com, Amazon.co.uk, and Amazon.de sites reach more consumers in Europe than any other site on the Internet.

● A recent survey by Media Metrix, a company that monitors traffic to popular e-commerce Web sites, identified the Amazon.com Site as one of the most frequently visited shopping sites on the Internet, and the largest seller of books (ahead of sites operated by Barnes & Noble and Borders), music (ahead of sites operated by Columbia House and BMG Music), toys, software (ahead of sites operated by <Bestbuy.com> and <CompUSA.com>) and video (ahead of the <BlockBuster.com> site).

5

- Amazon.com's achievements have generated tremendous attention in the media—thousands of articles have been written about the company over the last few years. Feature stores in *Fortune*, *Business Week*, *The New York Times*, *USA Today*, *Advertising Age* and *Wired* have touted the company's success and have identified it as a leading force in the "New Economy."

- The Amazon.com name is found on literally thousands of Internet Web sites. Not only do important Internet retailers (e.g., AOL.com) carry Amazon.com "banner" ads on their homepages, but more than 800,000 other Web site operators around the world have become Amazon.com "Associates," and are thus permitted to link to the Amazon.com Site and to display the AMAZON.COM® mark on their Web sites.

- A recent study by Interbrand Group, a leading international brand consultancy company, ranked the 100 most valuable brands in the world, all of which Interbrand identified as having a value in excess of $1 billion. Interbrand's study included the AMAZON.COM® mark, ranking its value above such well-known trade names as "Hilton®" and "Guinness®." Another Interbrand study recognized the AMAZON.COM® mark's value in the year 2001, ranking its value above 24 other trade names such as "Burger King®" and "Wall Street Journal®."

17.    The AMAZON.COM® mark is famous by virtue of its inherent distinctiveness and substantial secondary meaning as a designation of the source of the products Amazon.com sells and by its continuous and broad use for virtually the entire life of the Internet as a commercial medium. The AMAZON.COM® mark is registered in the European Union and in 72 individual countries, and has over 400 additional registration applications pending all over the world. AMAZON.COM® is a registered trademark with the United States Patent and Trademark Office for a computerized on-line search and ordering service featuring the wholesale and retail distribution of books, music, motion pictures, multimedia products and computer software in the form of printed books,

audiocassettes, videocassettes, compact disks, floppy disks, CD ROMs, and direct digital transmission.

18.     The AMAZON.COM® mark is particularly well known among Internet users, the trading areas and channel of trade used by both Amazon.com and defendants. There are no similar marks in common commercial use.  A recent review of the database maintained by the United States Patent and Trademark Office reveals not a single registration for any mark that included both "amazon" and "com."

19.     Amazon.com is one of the best-known Internet retailers in the world today. Jeff Bezos ("Bezos"), the company's founder, was a pioneer in the use of the Internet as a medium of commerce.  In 1995, Bezos created an Internet Web site ("Amazon.com Site") that permitted consumers around the world to purchase books on-line.  Amazon.com was one of the first corporations to make the name of its business identical to the domain name from which its business operates—such that anyone using the Internet to find its Web site need only remember the name of the company.

20.     Since its inception, the Amazon.com Site has continuously operated from the Internet address <www.amazon.com>.  When Amazon.com opened its cyber-doors, its site primarily featured books, which is still an integral part of Amazon.com's business.  Since then, Amazon.com has expanded its operations to include an even broader selection of products, offering full line of goods ranging from computer products and electronics to toys to compact discs and movies on videotape and DVD.

21.     Since at least as early as 1995, Amazon.com has used the trademark AMAZON.COM® to promote its business and its websites.

## V. DEFENDANTS' ILLEGAL ACTS

22.     On information and belief, sometime on or before April 1, 2003, defendants began an extensive e-mail campaign.  As part of that campaign, defendants, acting together and in concert, created and sent large volumes of e-mail messages advertising their penis

enlargement product.  Some of the e-mails were designed so that they appeared to be sent from Amazon.com, and used the AMAZON.COM® mark in the e-mail header as the "from" address.  *See* Exhibit A.

23.     Amazon.com did not provide permission to defendants to use its AMAZON.COM® trademark for any reason, including their e-mail marketing campaign.

24.     On information and belief, defendants intentionally adopted the AMAZON.COM® mark to trade on the fame and goodwill associated with the AMAZON.COM® mark, and to evade customers' anti-spam filters specifically designed to permit the receipt of e-mail from Amazon.com.

25.     Defendants' use of the AMAZON.COM® mark is likely to cause consumer confusion, mistake, and deception.  This likelihood of confusion, mistake, and deception is even greater because both Amazon.com and defendants operate their businesses over the Internet.

26.     Defendants' use of the AMAZON.COM® mark is likely to lead consumers to mistakenly conclude that the e-mail from defendants was exclusively or jointly sent by, licensed or certified by, or otherwise sponsored or approved by Amazon.com, or that RTH is somehow otherwise affiliated, connected, or associated with Amazon.com.  Consumers are likely to be misled as to the true source, sponsorship, or affiliation of the e-mail.

27.     On information and belief, through their use of the AMAZON.COM® mark, defendants have intentionally and with knowledge sought to cause consumer confusion, mistake, and deception.  Alternatively, defendants have acted with reckless disregard for plaintiff's rights and/or were willfully blind in connection with their unlawful actions.

28.     Defendants have disparaged plaintiff and its AMAZON.COM® mark by creating a false association with defendants and their goods.

29.    Defendants have misappropriated plaintiff's advertising ideas and style of doing business with regard to the advertisement, promotion, marketing and sale of plaintiff's products.

30.    Defendants have been unjustly enriched by illegally using and misappropriating plaintiff's intellectual property for their own financial gain.

31.    Defendant's infringement of the AMAZON.COM® mark has caused, is causing and will continue to cause, a likelihood of confusion, deception and mistake on the part of consumers.  This confusion has caused, is causing and will continue to cause, irreparable harm to plaintiff.  Accordingly, defendants must be restrained and enjoined from any further infringement and misappropriation of the AMAZON.COM® mark.

32.    Defendants are directly, contributorily and/or vicariously liable for the foregoing actions.

33.    Plaintiff has no adequate remedy at law.

34.    Plaintiff has suffered harm and damages as a result of the acts of defendants in an amount thus far not determined.  The injuries and damages sustained by plaintiff have been directly and proximately caused by defendants' wrongful advertisement, promotion, marketing, display, distribution, sale and offers of sale of their goods using infringements of the AMAZON.COM® mark, as well as by defendants' misappropriation of plaintiff's advertising ideas and style of doing business.

## COUNT I

### TRADEMARK INFRINGEMENT UNDER LANHAM ACT 15 U.S.C. § 1114

35.    Amazon.com realleges paragraphs 1-34 of this Complaint as if fully set forth herein.

36.    Defendants' use of the AMAZON.COM® to advertise, promote, market, offer for sale, or sell products and services constitutes trademark infringement pursuant to 15 U.S.C. § 1114.

9

## COUNT II

### FALSE DESIGNATION OF ORIGIN UNDER LANHAM ACT 15 U.S.C. § 1125(a)

37.     Amazon.com realleges paragraphs 1-34 of this Complaint as if fully set forth herein.

38.     Defendants have used and continue to use AMAZON.COM® in connection with goods or services, in commerce, in a manner that is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of their goods or services.

39.     Defendants have affixed, applied, or used in connection with their sale, offers of sale, distribution, display, advertisement, marketing and promotion of goods, false designations or origin and false descriptions and representations, including words or other symbols which tend falsely to describe or represent such goods and have caused such goods to enter into commerce with actual and/or constructive knowledge of the falsity of such designations of origin and such descriptions and representations, all of the detriment of plaintiff.

40.     Defendants' wrongful and illegal acts set forth above constitute false designation of origin in violation of 15 U.S.C. § 1125.

## COUNT III

### CYBERPIRACY PREVENTION UNDER LANHAM ACT 15 U.S.C. § 1125(d)

41.     Amazon.com realleges paragraphs 1-34 of this Complaint as if fully set forth herein.

42.     Defendants' bad faith intent to profit from use of AMAZON.COM®, by sending e-mail messages that state they are from AMAZON.COM® that are confusingly similar to Amazon.com's distinctive marks, constitutes cyberpiracy under 15 U.S.C. § 1125(d).

## COUNT IV

### UNFAIR COMPETITION UNDER LANHAM ACT 15 U.S.C. § 1125(a)

43.     Amazon.com realleges paragraphs 1-34 of this Complaint as if fully set forth herein.

44.     Defendants' use of the AMAZON.COM® mark to advertise, promote, market, offer for sale, or sell their products or services, including on their website, constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).  Defendants' use of the AMAZON.COM® mark is likely to cause confusion, mistake, and deception among consumers.

## COUNT V

### UNFAIR COMPETITION

45.     Amazon.com realleges paragraphs 1-34 of this Complaint as if fully set forth herein.

46.     Defendants' use of the AMAZON.COM® mark to advertise, promote, market, offer for sale, or sell their products constitutes unfair competition under the common law of Florida. Defendants' use of the AMAZON.COM® mark is likely to cause confusion, mistake, and deception among consumers.

47.     Defendants have acted recklessly, with willful blindness and/or wantonly or maliciously with the intent to infringe upon and misappropriate the AMAZON.COM® mark.

## COUNT VI

### TRESPASS TO CHATTELS

48.     Amazon.com realleges paragraphs 1-34 of this Complaint as if fully set forth herein.

49.     The computers, computer networks and computer services used to operate Amazon.com's business are the personal property of Amazon.com.

11

50.     The Defendants knew that their bulk-emailing practices inevitably lead to a significant portion of their e-mail being undeliverable.  When an e-mail is undeliverable, "bounce" messages are generated to advise the sender of this fact.   By spoofing Amazon.com's domain name in the e-mail header, defendants insured that Amazon.com's computer equipment – rather than defendants' own equipment – was burdened by the innumerable bounce messages resulting from the e-mail campaign.

51.     Defendants have knowingly, intentionally and without authorization used and intentionally trespassed upon Amazon.com's property.    Alternatively, defendants have acted with reckless disregard for plaintiff's rights and/or were willfully blind in connection with their unlawful actions.

52.     As a result of defendants' actions, Amazon.com has been damaged in an amount to be proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully prays that this Court:

1.     Issue a permanent injunction, enjoining and prohibiting defendants, or their agents, servants, employees, officers, attorneys, successors and assigns from:

> (A)     Using AMAZON.COM® trademark, or any version thereof, in connection with the description, marketing, promotion, advertising, sale, or offering for sale of any products or services, including defendants' e-mails or websites; and

> (B)     Infringing Amazon.com's AMAZON.COM® trademark.

2.     Order an award of damages and/or defendants' profits and trebling such award in accordance with 15 U.S.C. § 1117.

3.     Order an award of attorneys' fees, costs, investigative fees and pre-judgment interest as provided by 15 U.S.C. § 1117.

4.    Order an award of punitive damages in an amount sufficient to punish defendants.

5.    Order such other and further relief as the Court may deem appropriate, including, but not limited to, an award under 15 U.S.C. § 1117 of such sum as the Court deems just under the facts and circumstances of this case.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: August 25, 2003
       Miami, FL

Respectfully submitted,

Harry R. Schafer (FLA. BAR NO. 508667)
KENNY NACHWALTER
201 South Biscayne Boulevard
Suite 1100 - Miami Center
Miami, FL  33131
Telephone: (305) 373-1000
Facsimile: (305) 372-1861

*Attorneys for Plaintiff Amazon.com, Inc.*

OF COUNSEL:

    David A. Zapolsky, Associate General Counsel
    Kathryn M. Sheehan, Corporate Counsel
    Amazon.com, Inc.

160944.1

13



EXHIBIT A

| | |
|---|---|
| **From:** | "Hal P. McConnell" <hmcConnell_8@amazon.com> |
| **To:** | <gildpm@hotmail.com>; <paulbartolomeo@hotmail.com>; <gims93@hotmail.com>; <wolfwebb@hotmail.com>; <paulbean7@hotmail.com>; <gin280@hotmail.com>; <paulbelanger@hotmail.com>; <killerdogenkidu@hotmail.com>; <gin32@hotmail.com> |
| **Sent:** | Monday, May 19, 2003 12:29 PM |
| **Subject:** | thanks again i dqiih03sgg |

### Introducing Gain Pro Penile Pills
### NO.1 Penis Enlargement Pill On The Market!

\* Gain 3+ Full Inches In Length
\* Expand Your Penis Up To 20% Thicker
\* Stop Premature Ejaculation!
\* Produce Stronger Erections
\* 100% Safe To Take, With No Side Effects
\* Fast Distribution Worldwide
\* Sold Over 1.2 Million Bottles!
\* No Pumps! No Surgery! No Exercises!

# PROCEED TO ORDER SITE HERE

Cut off future promos. here.

7/31/2003

# CIVIL COVER SHEET 03 – 22270

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

AMAZON.COM, INC.

**DEFENDANTS**

ROCKIN TIME HOLDINGS, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Seattle, Washington
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Dade
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Dade 03- 22270 CIV ASG/ AMS

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kenny Nachwalter Seymour Arnold Critchlow
& Spector, P.A.      PH: (305) 373-1000
201 S. Biscayne Blvd., Suite 1100, Miami, FL 33131

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1. U.S. Government Plaintiff
- ☒ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Case Only) (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Trademark claims under 15 U.S.C. Sections 1114 and 1125, as well as related common law unfair competition claims.

**IVa.** 5 days estimated (for both sides) to try entire case

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| A   CONTACT | A   TORTS | B   FORFEITURE PENALTY | A   BANKRUPTCY | A   OTHER STATUS |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 362 Personal Injury–Med Malpractice | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A   PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury–Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. R |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☒ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) B | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **B   SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits B | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending B | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholder's Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A   LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12USC3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor Management Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **A   REAL PROPERTY** | **A   CIVIL RIGHTS** | **B   PRISONER PETITIONS** | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **A   FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure B | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General * | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS–Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other * | | | ☐ 890 Other Statutory Actions * A or B |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights * | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

- ☒ 1. Original Proceeding
- ☐ 2. Removed From State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Refiled
- ☐ 5. Transferred from another district (Specify)
- ☐ 6. Multidistrict Litigation
- ☐ 7. Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/25/3

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT
S/F I-2
REV. 9/94

FOR OFFICE USE ONLY: Receipt No. 880044   Amount: $150.00

Date Paid: 08/25/03   M/fp: _____

✎ AO 120 (Rev. 2/99)

| COMMISSIONER OF PATENTS & TRADEMARKS<br>2121 CRYSTAL DRIVE<br>SUITE 1100<br>ARLINGTON, VA 22201 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|

In Compliance with 35 § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been

filed in the U.S. District Court ____Southern District of Florida____ on the following ☐ Patents or X Trademarks:

| DOCKET NO.<br>03-22270-CIV-GOLD | DATE FILED<br>August 25, 2003 | U.S. DISTRICT COURT<br>Southern District of Florida |
|---|---|---|
| PLAINTIFF<br>Amazon.com, Inc. | | DEFENDANT<br>Rockin Time Holdings, Inc. And John Does 1-20 |

| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | SEE ATTACHED | | |
| 2 | | | |
| 3 | | | . |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY | | |
|---|---|---|---|
| | ☐ Amendment   ☐ Answer   ☐ Cross Bill   ☐ Other Pleading | | |
| | PATENT OR<br>TRADEMARK NO. | DATE OF PATENT<br>OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | | |
| 2 | | | |
| 3 | | | . |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| |

| CLERK<br>CLARENCE MADDOX | (BY) DEPUTY CLERK<br>Hannah Dyer | DATE<br>8/26/03 |
|---|---|---|

**Copy 1—**Upon initiation of action, mail this copy to Commissioner     **Copy 3—**Upon termination of action, mail this copy to Commissioner
**Copy 2—**Upon filing document adding patent(s), mail this copy to Commissioner     **Copy 4—**Case file copy